*Orphans' Court, Dauphin County, September 10th,* 1853.

### In the Matter of Poorman's Estate.

When the validity of an assignment through which a person claims a share in an estate is disputed, the Orphans' Court cannot decide it; an issue must be directed to the Court of Common Pleas.

By the Court.—The auditor, who made distribution, declined to decide the validity of an alleged assignee's claim, the assignment being disputed by the heir, Mr. Fishburn. If the validity of this assignment were admitted, the Orphans' Court might award the money to the assignee; but it is disputed both om the ground of fraud in obtaining it and the illegality of the instrument. Although section 19 of the act of June 16th, 1836, gives jurisdiction to the Orphans' Court, to make distribution of the assets of a decedent after the settlement of his estate "among creditors and *others interested*," yet the creditors must be taken to be such as have admitted claims, as an adverse controverted account cannot be allowed by, or recovered in the Orphans' Court, and the *others interested* are the devisees or heirs, or those claiming by a *conceded* transfer under them. It has been repeatedly decided that an *adverse* claim cannot be recovered in the Orphans' Court against the estate of a decedent, and also that claims in favor of the administrator against the heirs or distributees cannot be allowed if disputed by them. That court is not the proper and legitimate tribunal for trying disputed facts, unless where they necessarily and directly arise within it for adjudication. The estate of the decedent must be *directly* interested.

Here the claim is more legitimately cognizable in the Court of Common Pleas. It is an adverse claim against one of the heirs, denied by the party interested, whose right regularly comes before us as a distributee. Suppose this transfer had gone through three or four hands, and it was not the original, but some subsequent assessment which was questioned, could the Orphans' Court determine that controversy? Or should not the parties rather be

[In the Matter of the Account of Mumma, Guardian of Gotshall.]

turned over to the Common Pleas? As we understand the report
of the auditor, he merely distributes the money, as though it
were all coming to the original heirs, refusing to establish or
condemn the assignment; and as that distribution is unexcep-
tionable, it is confirmed. But as we have notice that another per-
son claims the money awarded to Mrs. Fishburn, and has a writ-
ten assignment thereof, though his right is disputed by her and
others, we shall not order the money to be paid to her, but direct
that the administrator pay it into the Dauphin Deposit Bank, and
place it at interest therein for the use of the person entitled, sub-
ject to the control and order of this court, until the parties have a
reasonable opportunity to contest the right to said money, which
if not done in a reasonable time, the same will be hereafter awarded
to the heirs by descent, or otherwise distributed according to law.